OSCAR H. NOLAN, TAX ASSESSOR FOR DUVAL COUNTY, FLORIDA, *Plaintiff in Error,* v. STATE OF FLORIDA *ex rel.* BOARD OF COUNTY COMMISSIONERS OF DUVAL COUNTY, FLORIDA, *Defendants in Error.*

En Banc.

Three Cases.

Opinion Filed December 16, 1924.

Petition for Rehearing Denied January 19, 1925.

The judgment, awarding a peremptory writ of mandamus to compel a county officer to make a report to the county commissioners of the fees and commissions of his office and pay over to the general revenue fund the amounts shown to be due under the provisions of Chapter 8497. Laws of 1921, and Chapter 9270, Laws of 1923, is affirmed upon authority of State ex rel. Buford, Attorney General, v. W. Roger Watkins, decided at the present term, December 5, 1924.

Writs of Error to the Circuit Court for Duval County; DeWitt T. Gray, Judge.

Judgments affirmed.

*John T. G. Crawford,* for Plaintiff in Error;

*John E. Mathews,* for Defendant in Error.

ELLIS, J.—In July, 1924, the Board of County Commissioners of Duval County obtained three alternative writs of mandamus against Oscar H. Nolan, as Tax Assessor of Duval County.

The first writ required the respondent to pay into the general revenue fund of the county the sum of $11,494.83, which represented the remainder of the net income of his office from January 1, 1922, to May 1, 1923, in excess of that portion thereof to which he was entitled under the provisions of Chapter 8497, Laws of Florida, 1921.

The second required the respondent to pay into the general revenue fund of the county the sum of $7,308.96, which represented the remainder of the net income of the office from May 2, 1923, to and including December 31, 1923, in excess of that portion thereof to which he was entitled under the provisions of Chapter 9270, Laws of Florida, 1923.

In both these cases the respondent, so it is alleged, had made reports for the periods stated under the Acts referred to above respectively. The amounts which he was required to pay into the general revenue fund were shown by such reports to be due by him.

The third writ required the respondent to make a report, as required by Chapter 9270, Laws of Florida 1923, for the period elapsing between January 1, 1924, and March 31, 1924.

To each of these writs the respondent made return in which the constitutionality of the Acts, Chapter 8497 of 1921, and Chapter 9270 of 1923, were assailed.

In each case peremptory writs of mandamus were

granted. The procedure in each case being practically the same.

Writ of error was taken by the respondent in each case. The three cases have been consolidated for consideration in one hearing.

The case of State *ex rel.* Buford v. W. Roger Watkins, decided by this Court April 23, 1923, held Chapter 8497, *supra,* to be invalid. Mr. Chief Justice TAYLOR, and Mr. Justice ELLIS concurred with Mr. Justice BROWNE, who wrote the opinion; Mr. Justice WHITFIELD and Mr. Justice WEST dissented. So a peremptory writ was denied. Upon a rehearing granted upon petition of the Attorney General, however, after the passage of Chapter 9280, Laws of 1923, increasing the number of Justices of this Court from five to six, the Court receded from its former opinion. The constitutionality of Chapter 8497, *supra,* being upheld by a divided Court, the peremptory writ was allowed; three Justices of the Court, Messrs. Justices WHITFIELD, WEST and TERRELL, being of the opinion, as expressed in the dissenting opinion of Mr. Justice WHITFIELD, that the second provision of Chapter 8497, *supra,* is a legal classification by population and that the Act is a valid general law and was not repealed but amended and continued in force by Chapter 9270, *supra.*

The two Acts of the Legislature dealing with the same subject were considered by the Court in the rehearing in the Watkins case, *supra.* The Court is divided in its view upon the validity of each Act, therefore the attack by the respondent in the instant cases is not sustained and the judgments must be affirmed upon the authority of State *ex rel.* Buford, Attorney General, v. W. Roger Watkins, as Clerk of the Circuit Court of Hillsborough County, decided December 5, 1924.

TAYLOR, C. J., AND WHITFIELD, WEST AND TERRELL, J. J., concur.

BROWNE, J., not participating.