In this case plaintiff in error challenges the validity of Chapter 9270, Acts of 1923, Chapter 11954, Acts of 1927, and Chapter 11893, Acts of 1927, Laws of Florida, all relating to compensation allowed to county officers in this State. Cognate questions were considered by this Court in State ex rel. Buford v. Spencer, 81 Fla. 211, 87 So. R. 634; State ex rel. Buford v. Shepard, 84 Fla. 206, 93 So. R. 667; State ex rel. Buford v. Watkins, 88 Fla. 392, 102 So. R. 347; Nolan v. State ex rel. Board of County Commissioners of Duval County, 88 Fla. 465, 102 So. R. 827.
Pursuant to organic fiat the legislature early provided that the compensation of certain officers be paid in fees collected by them. This system of compensation continued in effect until 1917 when the legislature enacted Chapter 7334, Laws of Florida, which provided that the compensation of county officers should be a fixed portion of the net income from the office and that the county commissioners should fix the number and compensation of their deputies and clerks. Because of the last enumerated provision Chapter 7334 was held invalid in State vs. Spencer, supra.
To cure the invalidity found to exist in Chapter 7334, Acts of 1917, Chapter 8497, Acts of 1921, was enacted. Chapter 8497, Acts of 1921 was held valid in State v. *Page 73 
Shepard, supra, the respondent, Shepard, not making it appear that he came within the terms of the proviso to Section One thereof. The said proviso being as follows:
 "Provided, that in counties of One Hundred Thousand (100,000) population or over said officers shall receive from the net income the first Five Thousand ($5,000.00) Dollars; ninety (90%) per cent of the next One Thousand ($1,000.00) Dollars; fifty (50%) per cent of the next Two Thousand ($2,000.00) Dollars; thirty (30%) per cent of the next Two Thousand ($2,000.00) Dollars; and ten (10%) per cent of the rest and residue thereof; Provided, further that in no event shall such officers be entitled to more than Seven Thousand Five Hundred ($7,500.00) Dollars per annum."
In State v. Watkins, supra, the respondent, Watkins, brought himself within the terms of the proviso just quoted and by an equally divided court the validity of the said act was upheld. In Nolan v. State ex rel. Board of County Commissioners of Duval County, supra, the validity of Chapter 8497, Acts of 1921, as amended by Chapter 9270, Acts of 1923, was upheld by an equally divided court. The point of division in the court in both the Watkins and the Nolan cases being as to classification for the purpose of regulating the fees of county officers based on population, whereby officers in the more populous counties are given a greater portion of the fees collected by them, than is given to such officers in other counties.
In the case at bar the attack is on Chapter 9270, Acts of 1923, as amended by Chapter 11954, Acts of 1927. It is also contended that the latter Chapter is in irreconcilable conflict with Chapter 11893, Acts of 1927, and must, for this additional reason be stricken down. There is no merit *Page 74 
whatever to the latter contention. Chapter 11893, Acts of 1927, had the sole purpose and effect of enlarging the fees paid to clerks of the circuit courts and clerks of other courts of record. In doing this it merely created a new basis of compensation for clerks but did not effect in any way Chapter 11954, Acts of 1927.
The purpose of Chapter 9270, Acts of 1923, was to cure the invalidity which was thought to exist in Chapter 8497, Acts of 1921. Chapter 11954, Acts of 1927, amended Chapter 9270, Acts of 1923, in the following particulars: (1) It increased the compensation of county officers, (2) It required semi-annual reports by county officers to the board of county commissioners instead of quarterly reports as was required by Chapter 9270, Acts of 1923, (3) It required all county officers to report the amount of fees and commissions collected to the county commissioners whereas Chapter 9270, Acts of 1923, required no such reports until the amount of their fees and commissions exceeded five thousand dollars, (4) It required all county officers to pay annually into a special fund all amounts in excess of the sum allowed them as compensation instead of quarterly as required by Chapter 9270, Acts of 1923, and (5) Chapter 11954, Acts of 1927, provides that after the purchase of books and office equipment the net proceeds of all moneys paid into the special fund by county officers may be transferred to the general county funds, including the county school fund, whereas Chapter 9270, Acts of 1923, required that all such funds be paid into the general revenue fund of the county. Chapter 11954, Acts of 1927, re-enacted and amended every material provision of Chapter 9270, Acts of 1923, it was therefore a revision of the general subject matter covered thereby, was in effect a repeal of Chapter 9270, Acts of 1923, and in such posture, from its effective date, became the law fixing the compensation of county *Page 75 
officers in this State. Prior to the effective date of Chapter 11954, Acts of 1927, Chapter 9270, Acts of 1923, was the law governing the subject matter.
The challenge to the validity of Chapter 11954, Acts of 1927, is directed exclusively to Section One thereof which is as follows:
 "That each county official whose compensation for his official duties is paid wholly or partly by fees or commissions, or fees and commissions, shall receive as his yearly compensation for his official services from the whole or a part of the fees, or commissions so collected, the following sum only: All the net income from such office not to exceed Five Thousand ($5,000.00) Dollars; Sixty (60%) per cent of the next Three Thousand ($3,000.00) Dollars, or any fraction thereof; Forty (40%) per cent of the next Two Thousand ($2,000.00) Dollars or any fraction thereof; and Twenty-five (25%) per cent of the rest and residue thereof; Provided that no such official shall under the foregoing computation of remuneration receive from the income so collected by him more than Seven Thousand Five Hundred ($7,500.00) per year."
Inspection of the foregoing section disclosed a clear purpose on the part of the Legislature to compensate county officers for their official services in a portion of the fees or commission or all fees and commissions collected by them and to fix their maximum compensation in any county not to exceed seven thousand five hundred dollars. It is contended by the plaintiff in error that such a method of compensation is violative of twenty or more provisions of the State and Federal Constitutions. We have carefully examined every question raised and do not think any of them present a reason that would warrant this Court in *Page 76 
striking down the Act assaulted. To undertake to treat them seriatim would necessitate an unusually long opinion that would serve no useful purpose.
The law is well settled in this country that while one's right to office is a substantive right that may be enforced in appropriate proceedings, yet a public officer has no estate in his office, that the unearned fees or commissions accruing to him therefrom are not property, and that, therefore, requiring them to be paid into the treasury and a salary paid in lieu thereof is not taking private property for public use without compensation. 23 Am. and Eng. Encyc. of Law 397. It is also well settled in this State that fees collected by officers represent the charge which the State makes for services rendered by it through its officers, and constitute a fund subject to the control of the State and to be applied as the Legislature directs. State ex rel. Buford v. Spencer,supra.
Section Twenty-seven of Article Three and Section Six of Article Eight of the Constitution require the legislature to "fix by law" the compensation of county officers. In obedience to the mandate of the Constitution the compensation of county officers was originally fixed and limited to the fees and commissions collected by them. Some of these compensation statutes bear date prior to the life of our present Constitution but were continued and in some instances amended under it. As population, wealth, and business increased the fees of the various county officers increased to that extent, that in some of the more populous counties the compensation of certain county officers became much larger than that paid the governor and other state officers. In 1917 by Chapter 7334 of the Laws of Florida, the legislature undertook to inaugurate a new and more equitable policy for the compensation of county officers by allowing them a certain portion of the net income *Page 77 
from the office. The fate of Chapter 7334, Acts of 1917, Chapter 8497, Acts of 1921, and Chapter 9270, Acts of 1923, has already been alluded to in this opinion. The cases cited herein expounding these acts of the legislature set out fully the law as now conceived by this Court governing the subject matter.
The facts are that including Chapter 11954, Acts of 1927, the legislature has made four attempts to institute a new and different policy for compensating county officers. As often as passed the act of the legislature has been before this Court for consideration. Four successive attempts by the legislature with as many enunciations by this Court as to the effect of such attempts should leave no doubt on the part of anyone as to the legal status of the matter. The act now before us (Chapter 11954, Acts of 1927) fixes the compensation of county officers at a prescribed portion of the net income from the office. Such a basis of classification for compensating county officers was approved by this Court in State ex rel. Buford v. Shepard,supra.
But plaintiff in error contends that under the law he is not only clerk of the Criminal Court of Record of Dade County but that he is also clerk of the Civil Court of Record and the Court of Crimes of said county and is by virtue of being so clothed entitled to the maximum compensation allowed under Chapter 11954, Acts of 1927, for performing the duties of each of said offices.
We do not think there is any basis for this contention. Section Fifteen of Article Sixteen of the Constitution provides, that "no person shall hold, or perform the functions of, more than one office under the government of this state at the same time." If he cannot hold or perform the functions of more than one office at the same time it follows that he cannot collect compensation for more than one office for the like period. In addition to being contrary *Page 78 
to public policy as thus expressed this contention is concluded by the very terms of Chapter 11954, Acts of 1927, which prescribes a maximum compensation for all county officers paid wholly or in part by fees and commissions, or both. The fact of his being constituted clerk of the Civil Court of Record and Clerk of the Court of Crimes of Dade County amounts merely to the imposition of extra duties on the plaintiff in error as clerk of the Criminal Court of Record which the legislature had a right to impose. Whitaker v. Parsons, 80 Fla. 352,86 So. 247; Amos et al. v. Mathews, 99 Fla. 1, 126 So. R. 308. None of these duties are inconsistent and all fees and commissions collected by him in their performance should be reported as required by Chapter 11954, Acts of 1927.
The judgment of the court below is therefore affirmed.
Affirmed.
ELLIS AND BROWN, J. J., concur.
WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.