Mrs. Jane Robinson Director Division of Consumer Services Department of Agriculture and Consumer Services Room 508, Mayo Building Tallahassee, Florida 32301
Attention: William C. Harris, Staff Counsel
Dear Mrs. Robinson:
This is in response to your request for an opinion on substantially the following question:
 DOES PART II, CH. 83, F.S., APPLY TO TENANCIES WHEREIN A MOBILE HOME LOT WITHIN A MOBILE HOME PARK IS RENTED FOR RESIDENTIAL PURPOSES BY THE OWNER OF THE MOBILE HOME LOCATED ON THE LOT?
Your question about the application of Part II, Ch. 83, F.S., to mobile home parks wherein a mobile home owner rents or leases from the mobile home park owner only the lot on which the home is affixed, arises from the provisions within Part II, Ch. 83, F.S., of s 83.41 as amended by ss 2 and 20 of Ch. 82-66, Laws of Florida; and of Subsection (2)(c) of s 83.43, F.S., which read:
 83.41 Application. — This part applies to the rental of a dwelling unit.
 83.43 Definitions. — As used in this part, the following words and terms shall have the following meanings unless some other meaning is plainly indicated:
(2) `Dwelling unit' means:
 (c) A mobile home lot within a mobile home park that is rented for occupancy by one or more persons who own the mobile home located on the lot.
On the bases of the following, it is my opinion that Subsection (2)(c) of s 83.43, F.S. (which was created by s 2 of Ch. 73-330, Laws of Florida), was impliedly repealed or superseded by Ch. 76-81, Laws of Florida.
Part III, Ch. 83, F.S., The `Florida Mobile Home Landlord and Tenant Act,' was expressly created by Ch. 76-81, Laws of Florida, entitled, `An act relating to mobile homes.' Sections 1 and 8, Ch. 76-81, Laws of Florida. By its express terms, Ch. 76-81 applied only to mobile home parks (as defined by s 83.752[3], F.S.), wherein the resident of the home, the homeowner, rented from the park owner only the lot on which the home was affixed; and expressly excluded from its scope, all other types of residential tenancies, including tenancies wherein both the mobile home and the lot on which the home was affixed, were rented from the park owner. Section 1 of Ch. 76-81; codified as s 83.751, F.S. Furthermore, s 3 of Ch. 76-81 (codified as s 83.760[3], F.S.), provided that `[t]he lease [between the mobile home park owner and the mobile home owner] shall contain a provision that part III of chapter 83 governs mobile home park tenancies. . . .'
In creating Part III, Ch. 83, F.S., the Legislature promulgated new sections properly connected with the specific subject matter of the newly created part, see, ss 1, 4, 5, and 8 of Ch. 76-81, Laws of Florida, and transferred into Part III, Ch. 83, F.S., material provisions pertaining to such mobile home parks which formerly had been contained within Part II, Ch. 83, F.S., see, ss 2, 3, 6, and 7 of Ch. 76-81, Laws of Florida.
It is clear, upon review of Ch. 76-81, supra, that the Legislature intended to gather together, within a distinctly separate part of Ch. 83, F.S., all provisions relating to mobile home parks (as defined by s 83.752[3], F.S.) wherein a mobile home, resided in by its owner, was placed on a rented or leased lot in a mobile home park; and leave behind, in Part II, Ch. 83, F.S., all other types of residential tenancies. In so doing, the Legislature manifested a developing recognition of the fundamental difference between the nature of tenancies wherein, on the one hand, one merely rents an apartment or rents both a mobile home and the lot on which the home is affixed; and, on the other hand, tenancies wherein one owns a mobile home which is affixed to a lot rented or leased from the mobile home park owner. See, Palm Beach Mobile Homes v. Strong, 300 So.2d 881 (Fla. 1974), and Stewart v. Green,300 So.2d 889 (Fla. 1974). It is interesting to note, in this regard, that while transferring sections relating to mobile home parks out of Part II and into Part III, Ch. 83, F.S., the Legislature amended these sections by striking the terms `park tenant,' `tenant,' and `landlord,' and by substituting therefor, the terms, `mobile home owner' and `mobile home park owner.' See, ss 2, 3, 6, and 7, Ch. 76-81, Laws of Florida.
The creation of Part III, Ch. 83, F.S., pertaining solely to mobile home parks wherein the mobile home owner rents or leases a lot from a park owner, was another step in furtherance of the evolutionary process of separating into distinct parts of Ch. 83, F.S., the statutory provisions governing the various types of landlord-tenant relations: In s 2 of Ch. 73-330, Laws of Florida, the Legislature amended Ch. 83, F.S., by denominating two parts: Part I, to be entitled `Landlord and Tenant: Non-Residential,' and by creating Part II, to be entitled `Landlord and Tenant: Residential.'
My examination of the statutory scheme and development of Ch. 83, F.S., and of the title and whole scope and scheme of Ch. 76-81, Laws of Florida, leads me to the view that the Legislature, in enacting Ch. 76-81, intended a revision of the entire subject matter of mobile home parks (as defined by s 83.752[3], F.S.) wherein mobile home lots are rented from a mobile home park owner by one or more persons who own the mobile home located on the lot. `Revision' of statutes implies a reexamination of them. The term has been applied to a restatement of the law in a corrected or improved form. A revision is intended to take the place of the law as previously formulated. When there is such revision, there need be no express words of repeal. The revision itself operates as a repeal. This principle was long ago expressed by the Florida Supreme Court in Jernigan v. Holden, 16 So. 413, 415 (Fla. 1894), wherein the court stated:
 [W]hen the legislature makes a revision of particular statutes, and frames a general statute upon the subject-matter, and from the framework of the act it is apparent that the legislature designed a complete scheme for this matter, this is a legislative declaration that whatever is embraced in the new law shall prevail, and whatever is excluded is ignored. . . .
In Sparkman v. State, 71 So. 34, 39 (Fla. 1916), the Supreme Court again considered the issue of revision of statutes and in determining that the act under examination had superseded a former statute, stated:
 [W]here there is anything from which an intent that a later act shall supersede a prior act may be fairly inferred, it will be given that effect, particularly when the later act covers a broader general subject and contains a portion of the particular provisions of the former act, and adds to some portions and omits other portions of such particular provisions so as to make such particular regulations contained in the prior act conform to the purpose and policy of the later act, covering a broader subject, including the lesser.
See also, Flood v. State, 129 So. 861 (Fla. 1930); Oldham v. Rooks, 361 So.2d 140 (Fla. 1978); and cf., Stewart v. Green, supra, at 894, holding that insofar as former s 83.69, F.S. (now s 83.759, F.S.) was directly contrary or repugnant to other laws relating to landlords and tenants, either enacted earlier in time or enacted in pari materia, it takes precedence thereover and necessarily supersedes such conflicting laws.
Furthermore, a section by section analysis of Parts II and III, Ch. 83, F.S. 1981, reveals that many of the sections within Part II correspond to other sections, tailored to fit mobile home parks, within Part III. For example [the corresponding sections within Part III are indicated in parenthesis just after the section within Part II]: ss 83.40(83.750), 83.41 and83.42(83.751), 83.43(83.752), 83.44(83.753), 83.45(83.754),83.47(83.755), 83.48(83.756), 83.50(83.762), 83.51 and83.52(83.758), 83.53(83.757), 83.54(83.761[1]), 83.55(83.761[2]),83.56(83.763), 83.60(83.763), and 83.61(83.763[3]). Other provisions within Part II, Ch. 83, F.S. 1981, are inconsistent with the nature of the landlord-tenant relationship provided for within Part III, Ch. 83, F.S. 1981: Sections 83.46, 83.57, and83.58, within Part II, are inconsistent with s 83.759, which is contained within Part III. Finally, Subsections (1) and (2) of s83.51, F.S., are specifically inapplicable to mobile homes owned by a tenant.
Finally, I note that in ss 2 and 20 of Ch. 82-66, Laws of Florida, the Legislature repealed language pertaining to the rental of mobile home lots from s 83.41, F.S.; and in s 3 of Ch. 82-66, the Legislature repealed language formerly appearing at s 83.62, F.S., pertaining to the eviction of mobile homes belonging to tenants.
In conclusion, therefore, and unless or until legislatively or judicially clarified or determined otherwise, I am of the view that Part III and not Part II, of Ch. 83, F.S., applies to mobile home parks (as defined by s 83.752[3], F.S.) and tenancies in which the homeowner rents or leases from the mobile home park owner for residential use only the lot on which the home is affixed.
Sincerely,
Jim Smith, Attorney General
Prepared by: Joanna R. Martin, Assistant Attorney General