D. S. CARLTON, AS SHERIFF, *Plaintiff in Error*, v. PETER JOHNSON, FRANK WALLROUS, N. M. SYKES AND W. W. SYKES, *Defendants in Error*.

1.  Sections 3772 and 3775 of the General Statutes regulating the catching of fish in the rivers, creeks, bays, bayous or other waters on the coast of this State, are not special or local laws within the meaning of sections 20 and 21 of Article III of the

Constitution, wherein the enactment of special or local laws for the punishment of crime or misdemeanor is forbidden.

2. The effect of the organic provisions requiring that laws upon stated subjects shall not be local or special, but shall be general and of uniform operation throughout the state, is to forbid the enactment of a law on the stated subjects that is arbitrarily made applicable to one or to several of the territorial sub-divisions of the State, where a general law on the same subject could properly be made applicable to the entire State or to all that portion of the State similarly situated or conditioned with reference to the subject regulated.

3. The provisions of sections 3773 and 3779 of the General Statutes forbidding the use of seines or nets "the meshes of which shall be less than one and one-half inches" and forbidding the use of a seine "with a mesh less than three inches from knot to knot, measured lengthwise, that is to say, a mesh when brought to a square the sides of which are not less than one and one-half inches," are not uncertain; and such provisions are not inconsistent with or repugnant to each other.

This case was decided by Division A.

Writ of error to the Circuit Court for St. Lucie County.

The facts in the case are stated in the opinion of the court.

*Guy Gillen,* for Plaintiff in Error;

*Frank W. Pope,* for Defendants in Error.

WHITFIELD, C. J.—An information was filed in the County Court for St. Lucie County charging that Peter Johnson, Frank Wallrous, N. M. Sykes and W. W. Sykes in St. Lucie County did "unlawfully use a seine in the waters on the coast of the State of Florida, to-wit: In the waters of the Indian River on the coast of Florida, the

said seine being of a length of more than 350 yards, to-wit: was of the length of 415 yards, * * * for the purpose of then and there catching and taking fish out of the waters aforesaid." Another information was like-wise filed charging that the same parties did, in St. Lucie County, "unlawfully use a seine in the waters of the In-dian River, * * * in said county, the said seine hav-ing meshes less than three inches from knot to knot, *
* * for the purpose then and there of capturing food fishes in said river." 'Upon being taken into custody on the said charges, the defendants were discharged on hab-eas corpus proceedings before the Circuit Judge. A writ of error was allowed and taken by the sheriff, and a *scire facias* issued from this court (see Carlton v. Johnson, 61 Fla.,    , 55 South. Rep. 79.) was served on all the de-fendants in error except Peter Johnson. In justification of the discharge of the defendants it is urged by counsel for the defendants in error that sections 3772, 3775 and 3779 of the General Statutes of 1906 are inoperative be-cause they in effect provide a special or local law for the punishment of crime or misdemeanor that is forbidden by the constitution; and that sections 3772, 3773 and 3779 of the General Statutes are repugnant to each other and void for uncertainty. Section 3772 makes it unlawful for any seines, stop-nets, haul-nets or other kind of nets longer than 350 yards to be used for the purpose of catch-ing or taking fish from the rivers, creeks, bays, bayous, or other waters on the coast of the state of Florida. Section 3773 makes it unlawful to catch any fish in any of the waters of the State with any seine or net, bait and cast-nets excepted, the meshes of which shall be less than one and one-half inches. Section 3775 provides a penalty of fine or imprisonment in the county jail, or both, for viola-tions of sections 3772 and 3773. Section 3779 provides

that whoever uses in the rivers of the State any gill-nets for the capture of shad with a mesh less than five inches from knot to knot measured lengthwise, that is to say, a mesh when brought to a square, the sides of which are not less than two and one-half inches; or whoever uses a seine, for the capture of any of the food fishes, with a mesh less than three inches from knot to knot, measured lengthwise, that is to say, a mesh when brought to a square the sides of which are not less than one and one-half inches, shall be punished as stated therein.

It is entirely clear that the enactments regulating the "catching or taking fish from the rivers, creeks, bays, bayous, or other waters on the coast of the State," and "in the rivers of the State," are not local or special laws, so that the statutory provisions for punishing violations of such regulations conflict with the requirements of the constitution that laws for the punishment of crime or misdemeanor shall not be local or special but shall be general and of uniform operation throughout the State. The first provision relates to the general public welfare and covers the whole territory of the State within the limits broadly defined as "on the coast of the State," while the latter provision applies to all the rivers of the State. There appears to be no element of a local or special law in these enactments. The effect of the organic provision requiring that laws upon stated subjects shall not be local or special, but shall be general and of uniform operation throughout the State, is to forbid the enactment of a law on the stated subjects that is arbitrarily made applicable to one or to several of the territorial sub-divisions of the State, where a general law on the same subject could properly be made applicable to the entire State or to all that portion of the State similarly situated or conditioned with reference to the subject regulated. See Gentile v. State, 29 Ind., 409.

The provisions of sections 3773 and 3779 of the General Statutes forbidding the use of seines or nets "the meshes of which shall be less than one and one-half inches" and forbidding the use of a seine "with a mesh less than three inches from knot to knot, measured lengthwise, that is to say, a mesh when brought to a square the sides of which are not less than one and one-half inches," are not uncertain; and such provisions are not inconsistent with or repugnant to each other.

The judgment is reversed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.