W. W. STRIPLING, *Petitioner,* vs. S. C. M. THOMAS, Sheriff of Marion County, Florida, *Respondent.*

Opinion filed February 27, 1931.

*F. R. Hocker* and *L. W. Duval,* for Petitioner;

No appearance for Respondent.

WHITFIELD, J.—A writ of habeas corpus was issued by Justice of this court returnable before the court to test the legality of petitioner's detention in custody of the sheriff of Marion County under an indictment predicated upon an alleged violation of Chapter 13585, Acts of 1929, the constitutionality of which enactment is challenged as being in conflict with sections 20 and 21, Article III, constitution.

Section 20, Article III, of the constitution provides that "the legislature shall not pass special or local laws in any of the following enumerated cases:" including laws "regulating the fees of officers of the State and county"; and section 21 provides that "in all cases enumerated in the preceding section all laws shall be general and of uniform operation throughout the State"; yet these provisions do not forbid reasonable and appropriate classification of subjects for legislative regulation; and statutes enacted to operate upon proper classifications may not be special or local laws within the prohibition of the organic provision, though they are not "of uniform operation throughout the State," where the classification is reasonable and appropriate with reference to the subject regulated, and the evident purpose of the enactment is not to arbitrarily make it apply to a particular portion of the State and without a reasonable classification of a general subject of legislation. Ex Parte Wells, 21 Fla. 480, 93 So. 667; State ex rel. Buford, v. Daniel et al., 87 Fla. 270, 99 So. 804.

In Jordan, Clerk v. State ex rel., 100 Fla. . ., 129 So. 747, where the single classification of counties as to population was between 40,000 and 43,000, the classification

*with reference to the subject regulated* was held to be purely arbitrary rendering Chapter 13605, Acts of 1929 invalid.

Chapter 13585, Acts of 1929, entitled:

"AN ACT to Prescribe the Compensation to be Received by Sheriffs, County Judges, Clerks of the Circuit Court, Tax Assessors and Tax Collectors in Counties Within the State of Florida, of not More than 27,160 and not less than 27,050 Population, According to the Last State Census, also Salaries of County Commissioners."

does not purport to make a general classification of the counties of the State for the purpose of regulating the fees of county officers; nor does it make a reasonable classification of any of the counties for such purpose. The restriction of the statutory regulation to counties "having, according to the last State census, a population tion of not more than 27,160 and not less than 27,050," is indicative of an intent to arbitrarily make the enactment apply to the only county in the State having a population between 27,160 and 27,050. At the next census that county may be eliminated from the classification. The difference between the maximum and minimum population is so relatively small that it is not reasonable to suppose that at any future census there will be more than one if any county that will have a population between 27,160 and 27,050; and the classification with reference to the subject regulated appears to have no substantial basis for reasonable regulation.

Chapter 13585, Acts of 1929, is not a general law within the requirements of sections 20 and 21 of Article III of the constitution, which renders such enactment inoperative, and the indictment predicated thereon is con-

sequently invalid, therefore the petitioner will be discharged from custody.

STRUM, C.J., AND ELLIS, TERRELL, BROWN AND BUFORD, J.J., concur.