MALLORY B. BARROW, *et al.,* as Members of Board of Public Instruction of Okaloosa County, v. D. F. SMITH.

158 So. 818.

Division B.

Opinion Filed February 11, 1935.

*Purl G. Adams,* for Appellants.

*McGeachy & Elliott,* for Appellee.

BUFORD, J.—The appeal here is from an order denying motion to dismiss the bill of complaint. The bill of com-

plaint was one exhibited by a citizen and taxpayer of Okaloosa County, seeking to enjoin the payment of salaries in the sum of $35.00 each per month to the members of the Board of Public Instruction of Okaloosa County which is purported to be authorized under the provisions of Chapter 10052, Acts of the Legislature of 1925.

The bill of complaint not only alleges that the Act of the Legislature is void because it offends against Sections 20 and 21 of Article III of the Constitution, but also because of the further fact that at the time the bill was filed the assessed valuation of the taxable property in Okaloosa County was less than $2,800,000.00, and was at that time in the sum of $1,621,414.00. The latter allegation is sufficient to show that the members of the Board of Public Instruction are not entitled to be paid the sum of $35.00 per month as salaries under the provisions of the Act.

Section 1 of the Act under consideration provides:

"In every county of the State of Florida having a population of not less than 9,700 nor more than 10,500 according to State Census of 1925 and which has a Total Assessed Valuation of not less than Two Million, Eight Hundred Thousand Dollars ($2,800,000.00), each of the county officials named in said title shall be paid Four Hundred and Twenty Dollars ($420.00) per annum, payable in twelve monthly equal installments. Provided, however, that any such officer failing to attend any meeting of his board in any month shall receive for such month only such proportion of the monthly payment provided herein as the meetings attended by him shall bear to the whole number of meetings held by his board during such month."

Aside from what is said as to its non-applications, the Act itself is void because it is in conflict with Sections 20 and 21 of Article III of the Constitution. See Jordan, as Clerk,

*et al.,* v. State, *ex rel.,* 100 Fla. 494, 129 Sou. 747, and Stripling v. Thomas, 101 Fla. 1015, 132 Sou. 824.

That a taxpaying citizen may enjoin an unauthorized expenditure of public funds is well settled in this jurisdiction. See Whitner v. Woodruff, 68 Fla. 465, 67 Sou. 110; Deering v. Martin, 95 Fla. 224, 116 Sou. 54, and cases there cited.

For the reasons stated, the order appealed from should be affirmed and it is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.