E. A. LATHAM, BEN D. THURSBY, PETER GESSNER, W. M. HANKINS and JOHN GRAHAM, as and constituting the Board of County Commissioners of Volusia County, v. I. WALTER HAWKINS, as Clerk of the Circuit Court of Volusia County; D. F. SMITH, as Tax Collector of Volusia County; and J. E. PEACOCK, as County Judge of Volusia County.

163 So. 709.

Opinion Filed October 29, 1935.

*Erskine W. Landis* and *Hull, Landis & Whitehair,* for Appellants;

*Neill S. Jackson,* for Appellees.

TERRELL, J.—The Legislature of 1931 enacted Chapter 15608, Laws of Florida, the primary purpose of which was to limit the compensation of county officers in counties of not less than 35,000 nor more than 45,000 population to $5,000.00 per annum. Appellees, who are the county officers of Volusia County, affected by the Act, ignored its provisions and compensated themselves as provided in the general law for compensating county officers, Chapter 11954, Acts of 1927, Section 2865, Compiled General Laws of 1927. Appellants demanded that appellees comply with Chapter 15608, but appellees refused and filed their bill of complaint in the Circuit Court of Volusia County seeking to restrain appellants from attempting to enforce said Act. A motion to dismiss and an answer to the bill of complaint raised the sole question of the constitutional validity of Chapter 15608. The chancellor held it to be in violation of Section 20 of Article 3 of the Constitution and enjoined its enforcement against appellees. This appeal is from that decree.

Section 20 of Article 3 enumerates specific inhibitions against the passage of local or special laws, one of which inhibitions appertains to the "jurisdiction and duties of any class of officers, except municipal officers," and another to "regulating the fees of officers of the State and County. Section 21 of Article 3 commands that as to every inhibition enumerated in Section 20 of Article 3, all laws shall be "general and of uniform operation throughout the State."

The interpretation of both statutory and constitutional

provisions may be controlled by their practical operation and effect. It is shown that Chapter 15608, while potentially applicable to a class of counties, is at present applicable to Volusia County only, and results in the payment of a different compensation to officers in that county from that paid the same officers in other counties similarly situated. In other words, it affects the same officers in similar situations differently and in that respect departs from the constitutional requirements of uniformity.

Chapter 15608 does not attempt a general classification of the counties of the State on some reasonable basis for the purpose of regulating the fees of county officers. This Court has repeatedly recognized classification based on population as proper and reasonable, but when making classifications that must be "general and of uniform operation throughout the State" as a basis for the salaries of county officers, other elements besides population must enter into the classification.

It is not permissible for the Legislature to single out the officers of one county and under the guise of population or on any other basis of classification impose conditions on them different in effect and operation from others similarly situated throughout the State.

In State v. Sheppard, 84 Fla. 206, 93 So. 667; State v. Watkins, 88 Fla. 392, 102 So. 347; Flood v. State, 100 Fla. 70, 129 So. 851, and other cases of like import, we held that classifications to regulate the compensation of county officers in addition to being based on population must be influenced by other elements such as a prescribed portion of net income from the office and that when made, the classification should operate alike on all similarly situated.

If the Act under review is permitted to stand, then the Legislature can single out every county in the State and

under the guise of a local law fix the compensation of county officers, arbitrarily and without reference to the organic mandate. General uniformity and operation would be destroyed and caprice substituted as a basis for determining the compensation of county officers. This should be done by general law treating the whole subject matter.

In our view the decree of the chancellor was correct and is hereby affirmed. Knight v. Board of Public Instruction, 102 Fla. 922, 136 So. 631; State v. O'Quinn, 114 Fla. 222, 154 So. 166; Stribling v. Thomas, 101 Fla. 1015; 132 So. 824; Jordan v. State, 100 Fla. 494, 129 So. 747.

Affirmed.

WHITFIELD, C. J., and BROWN, BUFORD and DAVIS, J. J., concur.