County of Manatee v. J. D. Davidson.

181 So. 889.
Division B.
Opinion Filed March 29, 1938.

296

*J. Ben Fuqua* and *Paul C. Albritton,* for Plaintiff in Error;

*Thomas A. Howze, Jr., J. Velma Keen* and *A. Frank O'Kelley, Jr.,* for Defendant in Error.

BROWN, J.—The sole question to be decided on this writ of error is whether or not Chapter 16923, Laws of Florida, Acts of 1935, is invalid and unconstitutional as being a local or special Act.

Section 1 of the statute under consideration reads as follows:

"Section 1. The clerk of the Circuit Court, Sheriff, Tax Collector, Tax Assesssor, and County Judge in all counties of the State of Florida having a population of not less than twenty thousand (20,000), nor more than twenty-three thousand (23,000), according to the last Federal census, now paid in whole or in part by fees, salaries, or commission or by one or more of said methods of payment, shall receive as his yearly compensation for all his official services, from the whole or a part of the fees, salary or commission so collected the following sum only: all of the net income from such office not to exceed four thousand and eight hundred ($4,800.00) dollars per annum. The Superintendent of Public Instruction of all counties of the State of Florida, having a population of not less than twenty thousand ($20,000.) nor more. than twenty-three thousand ($23,000.) salaries shall be three thousand ($3,000.) dollars per annum."

Section 20, Article III, of the Constitution of Florida, provides that "the Legislature shall not pass special or local laws in any of the following enumerated cases: * * * "including laws" * * * regulating the fees of officers of the state and county * * *."

Section 21, Article III, of the Constitution, as amended, provides that "in all cases enumerated in the preceding section all laws shall be general and of uniform operation throughout the state * * *."

The statute involved in this case is upon a subject with reference to which the Constitution prohibits the passage of special or local laws, as the sole purpose of the above quoted Section 1 of Chapter 16923, is that of regulating the compensation of certain county officers. The question to be determined is whether or not this Act is a general Act and of uniform operation throughout the state, as required by the Constitution.

This court has repeatedly held similar statutes to be unconstitutional. See Barrow v. Smith, 119 Fla. 468. 158 So. 818; Latham v. Hawkins, 121 Fla. 324, 163 So. 709; Stripling v. Thomas, 132 So. 824, 101 Fla. 1015; State, ex rel. Juvenal, v. Neville, 123 Fla. 745, 167 So. 650; Jordan, as Clerk, et al., v. State, ex rel., 100 Fla. 494, 129 So. 747.

In the case of Latham v. Hawkins, supra, this Court was dealing with a similar statute, Chapter 15608, laws of Florida, 1931, and in the opinion of the court written by Mr. Justice TERRELL it was said:

"This court has repeatedly recognized classifications based on population as proper and reasonable, but when making classifications that must be 'general and of uniform operation throughout the state' as a basis for the salaries of county officers, *other elements besides population must enter into the* classification."

"In State v. Shepard, 84 Fla. 206, 93 So. 667; State v. Watkins, 88 Fla. 392, 102 So. 347; Flood v. State, 100 Fla. 70, 129 So. 861, and other cases of like import, we held that classification to regulate the compensation of county officers in addition to being based on poulation must be influenced by other elements, such as a prescribed portion of net income from the office, and that, when made, the classification should operate alike on all similarly situated.

"If the Act under review is permitted to stand, then the Legislature can single out every county in the state and under the guise of a local law fix the compensation of county officers arbitrarily and without reference to the organic mandate. General uniformity of operation would be destroyed and caprice substituted as a basis for determining the compensation of county officers. This should be done by general law treating the whole subject matter.

"In our view the decree of the Chancellor was correct, and is hereby affirmed. Knight v. Board of Public Instruction, 102 Fla. 922, 136 So. 631; State v. O'Quinn, 114 Fla. 222, 154 So. 166; Stripling v. Thomas, 101 Fla 1015, 132 So. 824; Jordan v. State, 100 Fla. 495, 129 So. 747."

The statute under consideration is unconstitutional and void under the established law laid down by the cases above cited and quoted.

This court judicially knows that the statute involved in the instant case is applicable, at the present time, to two counties in the state, namely Manatee and Broward. The appellant contends that because the statutes considered in the cases of Stripling v. Thomas and Latham v. Hawkins, *supra,* affected only one county then those cases are not applicable to the instant case. An examination of the cases will reveal that the conclusion of the court in each instance is based upon the determination that the classification is unreasonable or arbitrary as applied to the subject regulated,

and is not governed alone by the fact, as plaintiff in error appears to argue, that the statutes each affect only a single county. The fact that two counties are affected by the present statute does not make it a constitutional one.

This court laid down the doctrine in the case of Carlton v. Johnson, et al., 55 So. 975, 61 Fla. 15, that:

"The effect of the organic provision requiring that laws upon stated subjects shall not be local or special, but shall be general and of uniform operation throughout the state, is to forbid the enactment of a law on the stated subjects that is arbitrarily made applicable to one or to several of the territorial subdivisions of the state, where a general law on the same subject could properly be made applicable to the entire state or to all that portion of the state similarly situated or conditioned with reference to the subject regulated. See Gentile v. State, 129 Ind. 409."

The judgment of the lower court should be affirmed and it is so ordered.

WHITFIELD, P. J., and CHAPMAN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.