STATE *ex rel.* C. A. BLALOCK, *et al.,* as and Constituting the Board of County Commissioners of Madison County, Relator, v. J. M. LEE, as State Comptroller, E. B. Browning as Supt. of Public Instruction of Madison County, and A. D. Reams, *et al.,* as the Board of Public Instruction of Madison County, Respondent.

1 So. (2d) 193

En Banc

Opinion Filed March 14, 1941

386

*Davis, Davis & McClure,* for Relators.

*J. Tom Watson,* Attorney General, and *Lawrence A. Truett,* Assistant Attorney General, for Respondents.

BUFORD, J.—To alternative writ of mandamus addressed to Honorabale J. M. Lee, as Comptroller of the State of Florida, requiring him to forthwith "determine the net amount payable to the Board of County Commissioners of. Florida, for its proportionate part of taxes collected and which have accrued to the credit of said county under and pursuant to the provisions of Chapter 14832, Laws of Florida, 1931, as amended, and forthwith to make up, draw and sign his warrant on the Treasurer of the State of Florida for the full net amount of money which has been collected and accrued to the credit of and is subject to distribution to the Board of County Commissioners of Madison County, Florida, pursuant to said Act, and to deliver said warrant to said Board of County Commissioners after the same has been drawn as required by law, or that the said respondent show cause to this Court on a short day to be fixed by the Court why he fails and refuses to do so;"

Respondent filed motion to quash in which it is contended that relator is bound by the provisions of Chapter 16125,

Acts of 1933, and that respondent is precluded from complying with the command of the writ by the provisions of that Act.

Chapter 16125, Acts of 1933, was not passed in conformity with Section 21, Article III, of the Constitution, and, therefore, as a local or special law it was without validity. See Harrison v. Wilson, 120 Fla. 771, 163 Sou. 233; Anderson v. Board of Public Instruction, 102 Fla. 695, 136, So. 334. The Court may take judicial cognizance of the fact that Chapter 16125 at the time of its adoption was applicable to but one county in this State. See Manatee County v. Davidson, 132 Fla. 295, 181 So. 889; Dowling v. W. R. Hodges & Son, 131 Fla. 672, 179 So. 702; Anderson v. Board of Public Instruction, *supra*.

We next come to the question whether or not Chapter 16125, *supra,* was a valid general law at the time of its becoming effective. If it was not a valid law then, it never became a valid law. See Neisel v. Moran, 80 Fla. 98, 85 Sou. 346.

Section 1 of Chapter 16125, *supra,* provides:

"Section 1. From and after the effective date of this Act all moneys provided to be remitted to the several counties of this State by the provisions of Section 12 of Chapter 14832, Laws of Florida, shall in the case of counties having a population of not less than sixteen thousand and not more than eighteen thousand four hundred, according to the last Federal census, meaning the Federal census that shall have last been taken prior to the time, in each instance, of consideration and action under this Act in its progressive application to the subject matter, be remitted to said counties by warrants drawn in favor of and payable to the superintendents of public instruction of said respective counties, and said money so remitted to said counties, having the population aforesaid, is hereby appropriated to be used, and

shall be used and expended in said several counties, respectively, exclusively for the payment of salaries, accrued or to accrue, of teachers in the public free schools of said respective counties." If this Act was a valid general Act then it was repealed by Chapters 19106 and 19170, Acts of 1939. We must hold, however, that the Act was void *ab initio* as a general law because the classification embraced in the Act has no reasonable relation to the subject matter.

There is no foundation in reason for the Legislature to require the application of an entire fund of this sort to the payment of teachers' salaries within a group of counties coming within a classification such as is attempted to be made here and allow the same fund to be otherwise applied in all other counties, simply upon the finding of a difference in population. There must be a just and reasonable relationship between the affected subject matter and the population classification for such Act to be upheld and if there is no reasonable relationship between the purposes of the law and the population of the counties where it would be applicable or available it is in reality a special Act and can not stand unless the provisions of Section 21, Article III, of the Constitution have been complied with. See Waybright v. Duval County, 142 Fla. 875, 196 So. 432; State *ex rel.* Buford v. Daniel, 87 Fla. 270, 99 Sou. 804; State *ex rel.* Buford v. Shepard, 84 Fla. 206, 93 Sou. 667; Anderson v. Board of Public Instruction, 102 Fla. 695, 136 Sou. 334.

We, therefore, hold that Chapter 16125, *supra*, did not become effective as a local or special Act because of the noncompliance with the provisions of Section 21, Article III, of the Constitution and that it is invalid as a general law because the classification is arbitrary and unreasonable.

This Act reflects other infirmities which are not necessary to be discussed here because, having held the Act invalid, it is not necessary to discuss such other objectionable features.

The appropriation and distribution of the fund as to Madison County is controlled by Chapter 14832, Acts of 1931, as amended by Chapters 19106 and 19170, Acts of 1939.

The motion to quash is denied and the respondent allowed ten days within which to file return, in default of which within such time, peremptory writ of mandamus will be awarded.

So ordered.

BROWN, C. J., WHITFIELD, THOMAS and ADAMS, J. J., concur.

TERRELL, J., agrees to conclusion.