QUESTIONS: 1. Is a district school board member entitled to travel expenses under s. 112.061, F.S., for travel from his home to the school district administrative headquarters? 2. To what mileage allowance is a school board member entitled when he travels from his home to a place other than the administrative headquarters to perform his official duties?
SUMMARY: Under ss. 230.201 and 112.061, F.S., district school board members are not entitled to reimbursement for mileage in traveling from their homes to the district's administrative headquarters; however, they are entitled to "vicinity" mileage when necessary to carry out their official duties. Mileage should be calculated from the headquarters office to the place where the official duties are to be carried out, if the travel originates there. However, travel should be calculated from the member's residence, when travel originates there, if it is a shorter distance than from the official headquarters to the place where the official duties are to be carried out. AS TO QUESTION 1: Until 1963, a school board member was specifically authorized by general law to receive a mileage allowance for "every mile actually traveled" in going to and from the county courthouse to attend regular or special meetings of the board, in addition to a meetingattendance fee. See an Act of January 30, 1869; Ch. 4193, 1893, Laws of Florida; Ch. 4567, 1897, Laws of Florida; Ch. 5656, 1907, Laws of Florida; Ch. 23726, 1947, Laws of Florida, carried forward as s. 242.02, F.S. 1947; Ch. 29764, 1955, Laws of Florida (the Florida School Code of 1955), renumbering s. 242.02 as s. 230.201, F.S. 1955; and Ch. 57-249, Laws of Florida, amending s. 230.201. This statutory provision — for mileage as well as the meetings fee — was interpreted by this office as providing compensation to school board members for their "services," and not as reimbursement for travel expenses. Attorney General Opinion 041-143, Biennial Report of the Attorney General, 1941-1942, p. 252; AGO 041-394. Accord: Attorney General Opinion 048-314, ruling that a school board member who had been physically unable to attend a board meeting for a year could continue lawfully to draw his salary. It was ruled also that there was no legal authority to pay school board members mileage for traveling over the county inspecting schools or for any other purpose than traveling to and from the courthouse by the nearest practical route to attend meetings of the board. Attorney General Opinion 037- 37. Accord: AGO 060-63 — holding, however, that the provisions of a special act specifically allowing school board members in Volusia County to be reimbursed for other travel expenses prevailed over and superseded the general law. In addition to the pre-1963 general law referred to above, a plethora of population acts and frankly special laws provided other compensation for school board members in particular counties — some with and some without an additional allowance for transportation expenses — notwithstanding the fact that such acts were declared invalid under Art. III, ss. 20 and 21, State Const. 1885, in Barrow v. Smith, 158 So. 818 (Fla. 1935). Under the 1941 ruling of the Attorney General (AGO 041-143, supra), these acts repealed by implication the general law "in its entirety," including both the meeting-attendance fee and the mileage allowance, even though some of the special acts contained no express provision for mileage. However, in 1961 it was ruled that a 1957 special law fixing the salary of the Escambia County school board members at $200 per month related only to "salary compensation" and did not affect the mileage allowance provided by general law, s. 230.201, F. s. 1961 (71/2!mfe!x cents per mile for "every mile actually traveled in going to and from the county courthouse by the nearest practicable route, for participation in each regular and special meeting of the board"). And in 1961 the Legislature adopted what purported to be a uniform salary schedule for county officials, including county school board members, for each county of the state (see Ch. 61-461, Laws of Florida, carried forward into Florida Statutes 1963 as Ch. 145, F.S.), preserving, however, special laws and population acts relating to compensation and travel expenses of county officers adopted prior to or during 1961 where the compensation was greater than that prescribed by the new 1961 general law. It was against this background that the Legislature adopted Ch. 63-400, Laws of Florida, prescribing for the first time a uniform travel expense schedule applicable to all public officers and employees of this state — city and county, as well as state — and amending several general laws relating to travel expenses of public officers, including that providing the compensation (including mileage allowance) of school board members. As amended by Ch. 63- 400, s. 230.201 reads as follows: In addition to the salary provided in s. 145.041, each member of a county board shall be allowed from the county school fund reimbursement of traveling expenses as authorized in s. 112.061, provided, however, that any travel outside of the county shall also be governed by the rules and regulations of the state board. (Emphasis supplied.) This is, of course, in marked contrast to the previously existing general law, which, as noted above, specifically authorized a mileage allowance for travel to and from the courthouse to participate in regular and special meetings of the board, and impliedly excluded a travel allowance for any other travel in the county, under the Attorney General rulings referred to above. It is generally held by the courts that, unless the Legislature has expressly and explicitly included in the expenses to be allowed public officers the cost of travel from their homes to the places where their regular duties are to be performed, such expenses are not a legitimate public charge. See 67 C.J.S. s. 91, p. 330; accord: AGO's 064-21 (circuit judges), 072-248 (state attorneys), and 074-132 (district courts of appeal judges). This rule is particularly applicable in the circumstances here — that is, where the Legislature, in amending a statute that had provided specifically for a mileage allowance for school board members in traveling from their homes to the courthouse to attend board meetings, failed to carry forward this provision. The legislative intent in adopting the 1963 Uniform Travel Expense Law was, among others, "to preserve the standardization and uniformity established by this law," and to supersede any conflicting provisions in a general law, present or future, to the extent of the conflict, unless such general law "contains a specific exemption from this section, including a specific reference to this section, . . . to the extent of the exemption." Not only does s. 230.201, supra, not contain such a specific exemption, it was amended as a part of the 1963 act creating the uniform law and expressly provides that the travel expenses of school board members shall be "as authorized in" that law. And, as noted in AGO 074-260, this office has uniformly interpreted the travel expense law, s. 112.061, F.S. . . . as authorizing the reimbursement of travel expenses of a public officer or employee only for authorized travel away from his or her official headquarters. With the sole exception of "vicinity mileage" [subsection (7)(d)2.], no provision of s. 112.061 in any way authorizes any reimbursement of expenses except those incurred in such travel; and no provision of the statute in any way authorizes per diem payments or subsistence to any officer or employee except one engaged in such travel. While a school board member is required to reside in the member residence district from which he or she was elected — which in some counties may be many miles from the place where the administrative offices are located and the school board meetings are regularly held — the "official headquarters" of the school district and its governing body would seem to be the administrative headquarters of the district, ordinarily located in the county seat. And if we are to preserve the "standardization and uniformity" established by the 1963 uniform travel expense law, as required by that law, it cannot reasonably be concluded that school board members are entitled to mileage in traveling from their homes to the administrative headquarters of the board. Cf. AGO 074-132, ruling that judges of district courts of appeal were not entitled to be reimbursed for mileage in traveling from their homes to the city designated by law as the official headquarters of the court. I am cognizant of the fact that a contrary conclusion was reached by my predecessor in office in AGO 065-13; however, where the public purse is concerned, there should be no hesitancy in taking another look at the relevant statutes under applicable rules of statutory construction and receding from a previous opinion where it appears to be clearly erroneous. In fact, in AGO 074-132, supra, I overruled a prior letter opinion of my predecessor as to the travel expenses of the judges of district courts of appeal; and, for the reasons stated above, a similar conclusion must be reached as to the travel expenses of school board members. Accordingly, your first question is answered in the negative. AS TO QUESTION 2: It seems clear that members of a district school board would be entitled to "vicinity" mileage when all or a majority of the members of the board are required to visit the various school plants or facilities in the district to carry out their official duties or when one or more members are specifically designated by the board to carry out a particular official duty within the district. See s. 112.061(7)(d)2., providing that "[v]icinity mileage necessary for conduct of official business is allowable but must be shown as a separate item on the expense voucher." (Emphasis supplied.) Thus, the members would be entitled to mileage for official travel from the headquarters to other places in the school district necessary to carry out their official duties. And a member should be entitled to travel expenses when he travels directly from his home to a place other than the administrative headquarters to perform his official duties when there is no necessity to take a longer route by way of the administrative headquarters. Cf. AGO 064-21, ruling that a circuit court judge who is assigned to an auxiliary circuit court in a city other than the county seat and who maintains his offices and headquarters in such city is entitled to reimbursement for mileage in traveling to the county seat and return — either from his home or from the headquarters office, whichever is shorter. Accord: Attorney General Opinion 074-132. It should be emphasized, however, that a member may be reimbursed for vicinity mileage only when it is officially authorized and is clearly shown to be necessary to carry out his official duties. See s.112.061(3), F.S., providing that "[a]ll travel must be authorized and approved by the head of the agency from whose funds the traveler is paid. . . ." And, when more than one member is required to travel to a particular place, each individual member of the board should not use his own personal car and attempt to collect vicinity mileage for such use if travel in one or two cars is reasonably possible and convenient and would reduce the mileage expense.