Ernest Ellison Auditor General Tallahassee
QUESTIONS:
1. If in a particular county within a water management district there also exists a basin board, which basin board requests the governing board of the district to levy a tax and the basin board's tax is levied by the district in addition to a districtwide tax, pursuant to ss. 192.091(2)(b) and (c),373.0697(2), and 373.539(4), F. S., and such other statutory and regulatory provisions as may be applicable, what is the proper procedure for computing the commissions due the county tax officers for services performed in connection with the collection of this combined tax levy?
2. If in a particular county within a water management district there does not exist a basin or subdistrict, or the existing basin or subdistrict chooses not to request the district to levy an ad valorem tax for basin purposes, so that the only tax levied by the water management district is for districtwide purposes, then under applicable statutory and regulatory provisions what is the proper procedure for computing the commissions due the county tax officers for services performed in connection with the district tax levy?
SUMMARY:
The proper procedure for computing the rates of compensation for county tax officials for services in assessing and collecting ad valorem taxes for basins and subdistricts within the several water management districts is governed by the explicit statutory provision, s. 373.0697(2), which states that the rate is to be the same as that applied to county taxes.
Additionally, pursuant to the provisions of s. 3 of Ch. 25270, 1949, Laws of Florida, s. 8(3) of Ch. 61-691, Laws of Florida, and s. 373.539(4), F. S. (former s. 378.29, F. S.), construed together, and as implemented by s. 192.091, F. S. (former s. 193.65, F. S.), the county property appraisers and the county tax collectors should be compensated for their services in assessing and collecting ad valorem taxes for the several water management districts at the same rates as apply to county taxes. The commission rate for county property appraisers is that specified in s. 192.091(1)(a), F. S., and the measure of compensation for county tax collectors is that prescribed by s. 192.091(2)(b), F. S.
The answer to your inquiry involves the construction of Ch. 25209, 1949, Laws of Florida, from which Ch. 378, F. S. (now Ch. 373) derives, Ch. 25270, 1949, Laws of Florida, and s. 193.65, F. S., from which a 192.091, F. S., is derived, and s. 373.539(4), F. S., former s. 378.29, F. S., s. 8(3) of Ch. 61-691, as well as s. 6, Ch. 73-190, and s. 12, Ch. 72-299, Laws of Florida (which are inpari materia with Ch. 25270), and the applicability of certain special laws involving counties lying within the district.
In 1949, the Legislature of this state enacted two laws dealing with water and flood control. Chapter 25209, Laws of Florida, established the procedure by which a flood control district could be created and administered. This act provided in s. 29(4) that tax officers of the counties within the district were to receive compensation at rates provided by law for similar services or charges in other cases. This statute became Ch. 378, F. S. (now Ch. 373, F. S.), and s. 29(4) of Ch. 25209 became s. 378.29, F. S. (now s. 373.539(4), F. S.). The second law passed by the 1949 Legislature was Ch. 25270 which created the Central and Southern Florida Flood Control District.
This later legislative enactment was `to facilitate the creation and initial operation of a district under said chapter,' (Ch. 25209). Section 1, Ch. 25270, 1949, Laws of Florida. The date of the passage and effectiveness of this act is after that of Ch. 25209, and therefore deemed to be controlling as the later expression of the intent of the Legislature. Attorney General Opinion 064-93. Section 3 of Ch. 25270 provides:
 The tax assessor, tax collector . . . of the respective counties within or partly within said district shall be entitled to compensation for services performed in connection with said tax at the same rates as apply to county taxes. (Emphasis supplied.)
The same wording regarding compensation for county tax officers is found in s. 8(3), Ch. 61-691, Laws of Florida, creating the Southwest Florida Water Management District to be operated under and be governed by Ch. 378, F. S., now Ch. 373, F. S.
A review of the history of the enabling acts of the South Florida and Southwest Florida Water Management Districts, Chs. 25270, 1949, Laws of Florida, and 61-691, Laws of Florida, reveals no material changes affecting these acts since their passage (for the purposes of this opinion). The history of the current statute, s.373.539(4), F. S., former s. 378.29(4), F. S., demonstrates that it carries forward exactly the same provision of Ch. 25209, Laws of Florida, and must therefore be construed in the same light as that enactment. In a previous opinion of this office, AGO 064-93, my predecessor concluded that because former s. 378.29, F. S. (now s. 373.539, F. S.), was substantially identical to s. 3, Ch. 25270 (as well as s. 8(3) of Ch. 61-691), and provided the same rate of compensation, and because the latter law is later in time, the rates provided for in Ch. 25270 (as well as Ch. 61-691) were controlling, i.e., Ch. 25270 (and Ch. 61-691) as implemented by s. 193.65, F. S. (now s. 192.091, F. S.), controls.
At the time of issuance of AGO 064-93, s. 193.65, F. S., was the statute which generally set out the rates of compensation to be paid to county tax officials for assessing and collecting county and district taxes. In that opinion it is noted that this statute was derived from Ch. 21918, 1943, Laws of Florida, and Ch. 20936, 1941, Laws of Florida, and that Ch. 25270, being the later law, controlled in the case of a conflict. The reasoning of and conclusion drawn in that opinion are equally applicable to the provisions of s. 8(3) of Ch. 61-691. Section 193.65 provided special fees for assessing and collecting `district taxes.' For county taxes the fees were 10 percent on the first $5,000 levied and collected; 5 percent on the next $5,000; 3 percent on the balance to $50 million; and 2 percent on the remaining balance. The special rate for `district' taxes was 3 percent on an assessed valuation of $50 million and 2 percent on the balance. This statute, as to district taxes, would have been controlling and would have governed the rates of compensation of the county tax officials for assessing and collecting the water management district taxes but for the fact that its passage antedates the passage of Ch. 25270 (as well as Ch. 61-691) which governs and provides that tax officials are to be paid at the rates applicable for county taxes (rather than those computed for special districts).
In 1972, the Legislature enacted Ch. 72-299, Laws of Florida. That law created in part 1, s. 12, the five water management districts. Subsequent to that enactment, Ch. 73-190, Laws of Florida, defined the boundaries of the districts and additionally amended Ch.72-299 by provisions in s. 6(13)(b) of the 1973 act which provided that tax assessors, tax collectors, and clerks of the circuit courts should be compensated `at the same rates as apply to county taxes.' This act subsequently became s. 373.0697, which is controlling of the rates of compensation for basins and subdistricts. It would be illogical to assume that the parent districts would be taxed at a different rate than the basins or subdistricts for the same services. Therefore, there is continued evidence of the intent of the Legislature in that, during the time period between 1963 and 1973, the fees payable to property appraisers for services to water management and flood control districts were the same as those payable in county taxes in s. 193.65, F. S., quoted in AGO 064-93, as well as the rates for 1943 and 1963. In 1973, the Legislature in s. 8, Ch. 73-172, amended s.192.091(1) by deleting all of s. 192.091(1)(c), providing for the commissions for assessing taxes for flood control and water management districts. Thus, the provisions of the statute dealing specifically with commissions for assessing the taxes of water management districts were repealed, thereby placing property appraisers under the provisions of s. 192.091(1), F. S. 1973, and consequently bringing provisions of the statute relating to property appraisers under the interpretation discussed above,i.e., s. 3 of Ch. 25270 (as well as s. 8(3) of Ch. 61-691), as implemented by s. 192.071(1), F. S. 1973, as amended. Accordingly, commissions due property appraisers for services rendered to water management districts should be based upon the rates which apply to the county taxing authorities under s. 192.091(1)(a), F. S.
In regard to commissions payable to county tax collectors, both Ch. 25270, 1949, and s. 8(3), Ch. 61-691, specify that they are to be paid `at the same rates as apply to county taxes,' and these statutes, together with s. 373.539, F. S. 1973, formerly s. 378.29, F. S., as construed in AGO 064-93, and as implemented by s. 192.091(2)(b), F. S., continue to govern the commissions payable to tax collectors for collecting water management district taxes, i.e., such commissions are those specified in s.192.091(2)(b), F. S. Inasmuch as former s. 193.65(2), now s.192.091(2), and s. 373.539 (former s. 378.29, F. S.) have remained substantially unchanged since the issuance of AGO 064-93 and in the 1965, 1967, 1969, 1971, 1973, 1975, and 1977 statutes, it is apparent that the rationale applied in AGO 064-93 is still valid and its holding and result remain controlling of s. 192.091(2), F. S. (former s. 193.65(2), F. S.) and s. 373.539, F. S. (former s. 378.29, F. S.). As stated above, the enactment of s. 6(13)(b) of Ch. 73-190, Laws of Florida, now s. 373.0697(2), F. S., is a further indication of the continuation of this legislative intent.
In passing, it should be noted that there have been numerous special laws purporting to control the rates of compensation in certain counties. Among these are Ch. 61-669, Laws of Florida (relating to Osceola County), Ch. 63-707, Laws of Florida (relating to Charlotte County), and Ch. 67-1245, Laws of Florida (relating to Collier County). As discussed in AGO 064-93, in view of decisions by the Supreme Court of Florida in State v. Shepard,93 So. 667 (Fla. 1922), Manatee County v. Davidson, 181 So. 889
(Fla. 1938), State v. Bell, 91 So.2d 193 (Fla. 1956), and other cases cited in AGO 064-93, I do not think that acts similar to Chs. 61-669, 63-707, and 67-1245 should be held to have effectively replaced the provisions of Ch. 25270, 1949 ([Ch.61-691], in pertinent part, is identical), or s. 378.29(4), F. S. (now s. 373.539(4), F. S.), as implemented by s. 193.65, F. S. (now s. 192.091, F. S.). Accordingly, all tax collectors should be compensated at the same rate as set forth in s. 192.091(2)(b), F. S., for collecting the taxes of the several water management districts.
Prepared by: William D. Townsend, Assistant Attorney General