272 So.2d 187 (1973)
Clark MERRILL, As Chairman of the Metro Utility Tax Repeal Committee, et al., Appellants,
v.
DADE COUNTY, a Political Subdivision of the State of Florida, Appellee.
Nos. 72-707, 72-735.
District Court of Appeal of Florida, Third District.
January 19, 1973.
Nicholson, Howard, Brawner & Lovett, Miami, Gerson & Fuller, Miami Beach, for appellants.
Stuart L. Simon, County Atty., for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.

ON PETITION FOR REHEARING
PER CURIAM.
This opinion is issued after petitions for rehearing have been filed and argument heard thereon. Our prior opinion and *188 judgment is withdrawn and this opinion is substituted therefor.
The appellants, Clark Merrill and Elmore Kerkela, were the defendants in the trial court and have appealed a declaratory judgment of the Circuit Court entered in favor of the appellee Dade County. The appellant Lehigh Portland Cement Company was an intervenor-defendant in the trial court. It has also filed an appeal from the same judgment. The appeals have been consolidated for appellate purposes. The plaintiff Dade County filed its complaint seeking a declaration as to the validity of an ordinance proposed through the initiative procedure set out in the County's charter. The controversy began when the defendants Merrill and Kerkela and the organizations they represent started the circulation of petitions to obtain the repeal of the county-levied utility tax applicable only in the unincorporated areas of Dade County. The county utility tax ordinance provides that all revenues produced by it are to be expended for county purposes solely within the unincorporated areas. Petitions proposing an ordinance repealing the utility tax ordinance were filed with the County Commission on March 21, 1972. On April 4th, the County Commission directed a canvass of signatures to determine the sufficiency of the petitions. On April 20, 1972, while the canvass of the petitions was proceeding, the County filed the instant suit for declaratory relief. In its complaint, the County expressed serious doubt as to the legality of the proposed repealer ordinance. Thereafter, appellee Lehigh Portland Cement Company, a substantial utility tax payer, moved to intervene as a party defendant in the suit and was permitted to do so without objection from any of the parties. A stipulation of fact was entered into by the parties and the matter was submitted for decision in the trial court upon the pleadings and the stipulation.
The trial court found that the repealer ordinance was invalid. We are concerned in this opinion only with section 1 of the proposed repealer ordinance. The appellants have agreed that the court properly found all other sections invalid. It is further agreed by the parties in this appeal that section 1 is a severable section and that as written, it could be enacted into an ordinance independently of the rest of the proposed ordinance. Section 1 of the proposed repealer ordinance reads as follows:
"Ordinance No. 70-72 imposing an excise utility tax on customers in the unincorporated area and all ordinances which in whole or in part amend or supplement Ordinance No. 70-72 be and the same are hereby repealed."
The trial court held:
"The Court hereby declares the Defendants' ordinance proposing the repeal of the County utility tax imposed in the unincorporated areas void in its entirety."
The County urges that the trial judge should be sustained on two principal grounds. The first of these is that the ordinance is invalid because it is an attempt to place before the electorate of the entire County the question of whether a tax should be levied solely in the unincorporated areas. The court held such an ordinance to be "beyond the reasonable limits of equal protection." We hold that this ground is not supported by the record of this case. The right to repeal an ordinance by the initiative procedure must be equivalent to the right of the County Commission to enact an ordinance.
The County argues that because the entire County electorate would vote upon the proposed repealer ordinance rather than only the electorate of the unincorporated areas, the initiative procedure is inoperative in this instance. The difficulty arises because the County Commission has under state law and the Charter assumed an additional role beyond its usual function as a governing body for the County as a whole. The County contends that in enacting the ordinance providing for a utility tax in the unincorporated areas the County Commission *189 was acting exclusively in its role as the municipal government of the unincorporated areas of the County. The County relies on a number of legislative enactments to support its contention. These include Fla. Const. Art. VIII, § 6(f), F.S.A., as well as sections 1.01(A)(21), 1.01(B), and 1.01(D) of the Charter. Fla. Const. Art. VIII, § 6(f) states:
"Dade county; powers conferred upon municipalities. To the extent not inconsistent with the powers of existing municipalities or general law, the Metropolitan Government of Dade County may exercise all the powers conferred now or hereafter by general law upon municipalities."
Section 1.01(A)(21) of the Charter gives the Board of County Commissioners the power to:
"Exercise all powers and privileges granted to municipalities, counties, and county officers by the Constitution and laws of the state, and all powers not prohibited by the Constitution or by this Charter."
Section 1.01(B) of the Charter states:
"No enumeration of powers in this Charter shall be deemed exclusive or restrictive and the foregoing powers shall be deemed to include all implied powers necessary and proper to carrying out such powers. All of these powers may be exercised in the incorporated and unincorporated areas, subject to the procedures herein provided in certain cases relating to municipalities." (Emphasis supplied)
Section 1.01(D) of the Charter states:
"The Board shall be entitled to levy in the unincorporated areas all taxes authorized to be levied by municipalities and to receive from the state any revenues collected in the unincorporated areas on the same basis as municipalities."
On this basis the County argues that the initiative proceedings provided in its Charter do not apply. It says that there simply is no such thing as an initiative procedure when it acts in its capacity as a "municipal government of the unincorporated areas of the County." We think that this position is not well taken. The Board of Commissioners of Dade County are elected by the voting population of the whole County. They are therefore the elected representatives of the entire electorate of the County. It follows that as Commissioners they are the representatives of and responsible to the entire electorate of the County. It seems in keeping with our scheme of representative government that an ordinance enacted by the elected representatives of the County may be repealed by the electorate of the County where an initiative procedure is provided by the Charter of the County.
Secondly, the trial judge held that the ordinance is invalid because it is in conflict with the provisions of § 167.4391, Fla. Stat. 1972 Supplement, F.S.A. The court stated:
"Section 1 of the proposed repealer ordinance which, when read in conjunction with Section 5 thereof, calls for the effective repeal of the utility tax on the date of its adoption by the voters would also conflict with Section 7.01(6)(a)[1] of the Charter if the effective date were prior to October 1, 1972. If however Section 1 of the proposed repealer ordinance did not take effect until October 1, 1972, or thereafter, it would conflict with recently enacted Senate Bill 2F, also known as the Revenue Sharing Act *190 of 1972.[2] This state statute, which becomes effective on July 1, 1972, and which designates and treats the unincorporated area of Dade County as a municipality for all practical purposes, provides:
`Section 2. No municipal charter may prohibit or limit the authority of the governing body to levy ad valorem taxes or utility service taxes authorized under section 167.431. Any word, sentence, phrase, or provision, of any special act, municipal charter, or other law, that prohibits or limits a municipality from levying ad valorem taxes within the millage limits fixed by section 9, Article VII of the state constitution, or prohibits or limits a municipality from levying utility service taxes within the limits fixed by section 167.431, is hereby nullified and repealed.'" (Emphasis added)
The purpose of the legislature expressed in the Revenue Sharing Act is to provide for the payment to municipalities of certain revenue upon the municipality's qualification by enacting a minimum ad valorem tax or utility service tax. In order to make the plan effective throughout the State, the legislature provided that all existing laws prohibiting the levy of the minimum ad valorem tax or utility service tax were repealed. This was accomplished by saying that such acts were "nullified". The ordinance which the appellants wish to repeal has the effect of bringing the Dade County unincorporated areas under the umbrella of the State taxing plan as set forth in the Revenue Sharing Act of 1972.
Appellants urge that the proposed repealer ordinance is not in conflict with Section 2 of Chapter 72-360, Laws of Florida, 1972, also known as the Revenue Sharing Act of 1972 (quoted above). They argue that Section 2 of the Revenue Sharing Act merely invalidates attempts to prohibit utility service taxes, but does not invalidate the repeal of utility service taxes. The County claims in support of the holding of the trial judge that the proposed repealer ordinance would, because of a section of the Charter of Dade County,[3] prevent the enactment by the County Commission of a utility tax in the unincorporated areas until one year after the adoption of the ordinance, thereby making the proposed ordinance invalid since it would constitute a prohibition for one year upon a municipality from levying utility service taxes. An ordinance like a statute must be valid at the time it becomes effective. State ex rel. Blalock v. Lee, 146 Fla. 385, 1 So.2d 193 (1941).
The trial court correctly found that as originally written the proposed repealer ordinance could not have become effective on the date specified in section 5 thereof. But section 5 is not a part of this appeal. The parties have agreed that the several sections of the ordinance are severable and that the appeal is prosecuted only from that portion of the trial court's holding which struck down section 1 of the proposed repealer ordinance. Section 1 as considered on this appeal has no specified effective date. Therefore, it must be construed as having the effective date which will be in accordance with the provisions of the Dade County Charter because every ordinance must be construed to be legal if it is possible to do so. City of Miami v. Kayfetz, Fla. 1957, 92 So.2d 798. The effective date would therefore be the "beginning of the next succeeding fiscal year" after the approval of the repealer ordinance by the electorate.
The trial judge concluded that since such an effective date would be after the effective *191 date of the Revenue Sharing Act, that the ordinance would be void because it would be in conflict with the Revenue Sharing Act. The County supports this reasoning by pointing out that the enactment of the proposed repealer ordinance by the method of initiative would, because of the quoted provision of the Charter, prevent the County Commission from reenacting a utility tax for one year after the successful action of the electorate. Thus, the County contends that because the County Commission would be prevented for one year from levying a utility tax, the enactment of the repealer ordinance by the electorate would constitute a "... law, that prohibits or limits a municipality from levying ... utility service taxes ..."[4].
The defect in this reasoning is that it is not the repealer ordinance which conflicts with the prohibition in the Revenue Sharing Act, but the Charter provision which conflicts. The repealer ordinance simply repeals the tax. There is no prohibition against the repeal of such a tax. The mandate in Section 2 of the Revenue Sharing Act is against "Any word, sentence, phrase, or provision, of any special act, municipal charter, or other law, that prohibits or limits a municipality ... from levying utility service taxes ...".
We are not here called upon to determine if the Charter provision against reenactment would fall if the repealer ordinance is enacted by the electorate. That question may never arise. We can say with confidence that the few words of section 1 (which is now considered the entire repealer ordinance) as follows:
"Ordinance No. 70-72 imposing an excise utility tax on customers in the unincorporated area and all ordinances which in whole or in part amend or supplement Ordinance No. 70-72 be and the same are hereby repealed"
do not prohibit a utility tax. This proposed ordinance is to repeal a utility tax not prohibit one.
Having reached the conclusion that the trial court incorrectly concluded that the proposed repealer ordinance did not provide equal protection for the citizens of Dade County, and having reached the further conclusion that the trial judge incorrectly found a conflict between section 1 of the repealer ordinance and the Florida Revenue Sharing Act, we reverse the order appealed in part. The trial court's holding as to sections 2, 3, 4, and 5 of the proposed ordinance are affirmed. The trial court's holding that section 1 as a severable section is invalid is reversed. It should be noted that the record does not reveal that the severability of section 1 was extensively argued in the trial court. In any event it is clear that the trial court was not presented with all of the factors which we have held to be applicable here.
Affirmed in part, reversed in part, and remanded for further proceedings in accordance with the views expressed herein.
NOTES
[1] Section 7.01(6)(a) of the Charter provides:

"An ordinance proposed by initiatory petition or the repeal of an ordinance by referendary petition shall be effective on the day after the election, except that:
"(a) Any reduction or elimination of existing revenue or any expenditures not provided for by the current budget or existing bond issues shall not take effect until the beginning of the next succeeding fiscal year; ...".
[2] Chapter 72-360, Laws of Florida, 1972, now appearing as § 167.4391, Fla. Stat. 1972 Supplement.
[3] Section 7.01(7) of the County Charter states:

"An ordinance adopted by the electorate through initiatory proceedings shall not be amended or repealed by the Board for a period of one year after the election at which it was adopted, but therafter it may be amended or repealed like any other ordinance."
[4] Section 2 of the Revenue Sharing Act, § 167.4391, Fla. Stat. 1972 Supplement, F.S.A.