Ms. Patricia A. Petruff General Counsel City of Holmes Beach 1111 Third Avenue West Suite 300 Bradenton, Florida 34205
Dear Ms. Petruff:
You have asked for my opinion on substantially the following questions:
1. Does section 163.3189, Florida Statutes, preempt the authority of the City of Holmes Beach from adopting a charter amendment that would require any increase in density limitations contained in the existing comprehensive plan to be approved by the voters of the City of Holmes Beach?
2. Does a charter provision that requires voter approval to increase density limitations contained in the existing comprehensive plan result in unconstitutional denial of the due process rights of property owners?
3. Does the reservation of power by referendum as set forth in the Florida Constitution include the reservation of comprehensive planning power?
In sum:
1. Section 163.3189, Florida Statutes, prescribes the exclusive method for amending comprehensive plans that have been found to be in compliance with the Local Government Comprehensive Planning and Land Development Regulation Act, Part II, Chapter 163, Florida Statutes. This statute constitutes a preemption of this subject to the state.
2. This office cannot comment on the constitutionality of proposed local legislation such as a charter amendment.
3. The Florida Supreme Court has stated that the referendum power can be exercised whenever the people, through the Legislature, decide that it should be used. The only case in which the Court has recognized such authority deals with section 163.215, Florida Statutes, involving a change in municipal zoning.
According to your letter the City of Holmes Beach is governed by a charter adopted by the electors in 1976. Article XII of the charter states that amendments to the charter may be initiated by ordinance or petition. Presently, the city council is considering initiating by ordinance an amendment that would establish density limitations. Your questions relate to the effect of such an ordinance. While this office cannot construe local legislation, an analysis of state law as it relates to your questions is set forth herein.
Question One
Section 163.3189(1), Florida Statutes, provides that:
The procedure for amendment of an adopted comprehensive plan or plan element which has been found to be in compliance shall be solely as prescribed by this section. (e.s.)
When the Legislature has prescribed how a thing must be done, that method must be observed. When the controlling law directs how a thing shall be done that is, in effect, a prohibition against its being done in any other way.[1]
While the statute does not define the term "solely" it is the rule that words of common usage, when used in a statute, should be construed in their plain and ordinary sense.[2] "Solely" has been defined as "without another: singly[;] to the exclusion of all else[.]"[3] The term "sole" means "single; only[.]"[4] Thus, the Legislature's use of the term "solely" to apply to the amendment of an adopted comprehensive plan would mandate use of section163.3189 to the exclusion of any other method.
Although municipalities derive broad constitutional home rule powers from section 2(b), Article VIII, Florida Constitution,[5]
one impediment to the exercise of these broad municipal powers is the existence of a conflict with state law.[6] Municipal ordinances are inferior in stature and subordinate to the laws of the state. Therefore, an ordinance must not conflict with any controlling provision of a state statute, and if any doubt exists as to the extent of a power attempted to be exercised that may affect the operation of a state statute, the doubt must be resolved against the ordinance and in favor of the statute. A municipality cannot forbid what the Legislature has expressly licensed, authorized or required, nor may it authorize what the Legislature has expressly forbidden.[7] However, while local legislation may not conflict, in those areas that have not been preempted by the state, legislation may be concurrent, i.e., enacted by both state and local governments.[8]
The language of section 163.3189, Florida Statutes, constitutes a preemption of this subject by stating that it is the sole procedure for amendment of an adopted comprehensive plan. Thus, a city is precluded from imposing additional, supplemental procedures to those described in section 163.3189, Florida Statutes.
Question Two
Your second question requires comment on the constitutionality of proposed local legislation, which is outside the scope of this office's authority. Therefore, no response may be made to this question.
Question Three
Your third question deals with the referendum power reserved to the people in the 1968 Constitution as delineated by the Florida Supreme Court in Florida Land Company v. City of Winter Springs, a 1983 case.[9] The case itself dealt with the submission of a city ordinance effecting a change in zoning for a specific parcel of land to a referendum vote of municipal citizens.
The Court in the Florida Land case stated that:
The citizens of the State of Florida in drafting and adopting the 1968 Constitution reserved certain powers to themselves, choosing to deal directly with some governmental measures. The referendum, then, is the essence of a reserved power. (citations omitted) A reading of article I, section 1 along with the words of article VI, section 5 of our state constitution, makes this abundantly clear:
ARTICLE I. SECTION 1. Political power. — All political power is inherent in the people. The enunciation herein of certain rights shall not be construed to deny or impair others retained by the people.
ARTICLE VI. SECTION 5. General and special elections. — . . . Special elections and referenda shall be held as provided by law.
This referendum provision was not provided for in such a general fashion in the Constitution of 1885. Referendum provisions in that constitution dealt with certain specific sections. The concept of referendum is thought by many to be a keystone of self-government, and its increasing use is indicative of a desire on the part of the electorate to exercise greater control over the laws which directly affect them.[10]
As the Court pointed out, "[o]nce the referendum power is reserved, particularly as done in our current constitution, this power can be exercised wherever the people through their legislative bodies decide that it should be used."[11]
Article 6, section 5, Florida Constitution, controls the manner in which the power of referendum may be granted. That section, quoted above, provides that referenda shall be held "as provided by law." Under the Constitution, the phrase "as provided by law" means as passed "by an act of the legislature."[12] Since the Constitution expressly provides that the power of referendum can be granted only by the legislature, it is beyond the power of the electorate to say what shall or shall not be done by referendum.[13]
There may be land use and other legislative issues that may be the subject of a referendum vote of citizens pursuant to the reserved referendum provisions of the Florida Constitution.[14] In Florida Land Company v. City of Winter Springs, a change in zoning for a specific parcel of land pursuant to section 163.215, Florida Statutes (1981), was the subject of a referendum vote of the citizens.
However, this reservation of the referendum power would not extend to those areas of legislation preempted to the state, such as section 163.3189, Florida Statutes. A local referendum to approve or disapprove legislation presupposes that local legislation is appropriate on a particular topic. Preemption by the state would forestall any such local legislation. As the Court in the Florida Land case determined, the referendum process was properly used to approve or disapprove a proposed zoning ordinance in those cases where a city's charter specifically provided for direct citizen control over ordinances.[15] In the case of state preemption, there can be no viable local ordinance.
Therefore, it is my opinion that the provisions of section163.3189, Florida Statutes, are not subject to local referendum action under the reservation of the referendum power enunciated in the Florida Land Company v. City of Winter Springs case.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Alsop v. Pierce, 19 So.2d 799, 805 (Fla. 1944). And see, Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952); Thayer v. State, 335 So.2d 815, 817 (Fla. 1976).
[2] Pedersen v. Green, 105 So.2d 1, 4 (Fla. 1958). See also, State v. Egan, 287 So.2d 1, 4 (Fla. 1973); Gasson v. Gay,49 So.2d 525, 526 (Fla. 1950).
[3] Webster's New Collegiate Dictionary 1106 (1975).
[4] American Heritage Dictionary 650 (1983).
[5] Section 2(b), Article VIII, Florida Constitution, provides in part that:
Municipalities shall have governmental, corporate and proprietary powers to enable them to conduct municipal government, perform municipal functions and render municipal services, and may exercise any power for municipal purposes except as otherwise provided by law.
[6] Section 166.021(3), Fla. Stat., prescribes limitations on the subjects which municipal legislation may address and provides that:
(3) The Legislature recognizes that pursuant to the grant of power set forth in s. 2(b), Art. VIII of the State Constitution, the legislative body of each municipality has the power to enact legislation concerning any subject matter upon which the state Legislature may act, except: (a) The subjects of annexation, merger, and exercise of extraterritorial power, which require general or special law pursuant to s. 2(c), Art. VIII of the State Constitution; (b) Any subject expressly prohibited by the constitution; (c) Any subject expressly preempted to state or county government by the constitution or by general law; and (d) Any subject preempted to a county pursuant to a county charter adopted under the authority of ss. 1(g), 3, and 6(e), Art. VIII of the State Constitution. (e.s.)
[7] See, e.g., City of Miami Beach v. Rocio Corporation,404 So.2d 1066 (Fla. 3d DCA 1981), pet. for rev. den. 408 So.2d 1092
(Fla. 1981); Rinzler v. Carson, 262 So.2d 661 (Fla. 1972).
[8] City of Miami Beach v. Rocio Corporation, id.
[9] Florida Land Company v. City of Winter Springs, 427 So.2d 170
(Fla. 1983).
[10] Id. at 172.
[11] Id. at 172-173.
[12] See, Broward County v. Plantation Imports, Inc.,419 So.2d 1145, 1148 (Fla. 4th DCA 1982).
[13] Holzendorf v. Bell, 606 So.2d 645, 648 (Fla. 1st DCA 1992).
[14] But see, "Power to the people? A critique of the Florida Supreme Court's interpretation of the referendum power"; Patricia Leary, 15 Fla. State L. Rev. 676 (1987), in which the author argues that "any attempt by the Legislature to allow the people to make law by referendum is unconstitutional, despite the language of the Florida Supreme Court in Florida Land Co. v. City of Winter Springs to the contrary[.]"
[15] Cf., Holzendorf v. Bell, 606 So.2d 645 (Fla. 1st DCA 1992).