660 So.2d 1174 (1995)
James ENNIS, et al., Appellant,
v.
TOWN OF LADY LAKE, Florida, et al., Appellee.
No. 94-2529.
District Court of Appeal of Florida, Fifth District.
September 29, 1995.
*1175 Gary J. Cooney, of Blair & Cooney, P.A., Tavares, for appellants, Citizens Petition for Proposed Charter Amendment and James Ennis.
Robert Q. Williams, of Williams, Smith & Summers, P.A., Tavares, for appellees.
HARRIS, Judge.
The primary issue in this case is whether the citizens of the Town of Lady Lake, Florida, have the right, by initiative, to amend the town charter in order to require a referendum in the event that the Town Commission decides to relocate the city hall. The trial court primarily relied on Holzendorf v. Bell, 606 So.2d 645 (Fla. 1st DCA 1992), in holding that such power does not exist. We disagree and reverse.
We distinguish Holzendorf because, by its express language, its holding is limited to the unusual provision of the charter of the City of Jacksonville. Such charter is not involved in our case.
Indeed the issue in our case is controlled by Florida Land Co. v. City of Winter Springs, 427 So.2d 170 (Fla. 1983). Therein the court cited the two appropriate provisions of the Florida Constitution:
ARTICLE I, SECTION 1. Political power.  All political power is inherent in the people. The enunciation herein of certain rights shall not be construed to deny or impair others retained by the people.
ARTICLE VI, SECTION 5. General and special elections.  ... Special elections and referenda shall be held as provided by law. (Emphasis added).
The Florida Land court then stated:
Once the referendum power is reserved, particularly as done in our current constitution, this power can be exercised whenever the people through their legislative bodies decide that it should be done.
The Town of Lady Lake urges that this language means that only the Town Commission can confer the right of referenda on the people. It is the position of the Town of Lady Lake that the people have no right to amend their charter by initiative in order to require a referendum on the issue of the location of city hall. Because such right to a referendum does not currently exist in the charter  and the Town Commission is unwilling to amend the charter to permit one  the citizens are powerless to direct the Town Commission on this issue. Such interpretation, and such position, flies in the face of Article I, Section 1.[1]
The legislature, through the enactment of Section 166.031, Florida Statutes, provided the procedure by which the citizens of a municipality may amend their charter:
[T]he electors of a municipality may, by petition signed by 10 percent of the registered electors as of the last preceding municipal general election, submit to the electors of said municipality a proposed amendment to the charter, which amendment may be to any part or to all of said charter except that part describing the boundaries of such municipality.
*1176 In this case, the citizens met the procedural requirement and, since the question did not relate to a boundary issue, were entitled to a determination. The court erred in striking the issue from the ballot.
We also reject the court's alternative position that in any event the ballot question was too vague to be placed on the ballot.[2] We find that the word "feasible" is not so vague as to mislead the voters nor so confusing as to make its implementation by the Town Counsel impracticable. The ballot proposal determined that the site of the town hall existing at the time of the referendum shall be considered feasible. The Town Commission must list at least two other sites that it considers "capable of being used" as a site for a city hall or "suitable" for that purpose.[3]
We reverse with directions to permit the question to be submitted to the people.
REVERSED and REMANDED.
W. SHARP and ANTOON, JJ., concur.
NOTES
[1] It is submitted that the language in Article VI, Section 5 to the effect that referenda shall be "held as provided by law" merely delegates to the legislative bodies the duty to determine the method by which the people can submit their will to referendum and the manner in which such election shall be held  the time, the place, the format of the ballot question, etc. It does not permit the legislative body (the representative) to deny the people the right to have such referendum placed on the ballot. The legislature may not take away nor diminish the rights reserved by the people in their constitution. Section 166.031 was the legislative response to its constitutional duty as regards municipal citizens.
[2] The ballot proposal contained the language: "... at least three feasible locations for the proposed new town hall, one of which shall be the site of the existing town hall."
[3] See Websters Ninth New Collegiate Dictionary 453 (9th ed. 1989).