Mr. Richard T. Farrell Secretary, Department of Business and Professional Regulation Northwood Centre, Suite 60 1940 North Monroe Street Tallahassee, Florida 32399-0750
Dear Secretary Farrell:
You ask the following question:
What action is necessary for a county to approve cardroom gaming at pari-mutuel facilities under section 849.086(16), Florida Statutes, as created by Chapter 96-364, Laws of Florida?
In sum:
Passage of an ordinance by a county approving cardroom gaming provides permanence and substantial safeguards to the public and should therefore be adopted by the Division of Pari-mutuel Wagering as the method for county approval of cardroom gaming pursuant to section 849.086(16), Florida Statutes. Any attempt by a county to approve cardroom gaming prior to the adoption of rules by the division would have no legal effect.
An ordinance constitutes an official legislative action of a governing body. In contrast, a resolution is considered to be an expression of opinion by the governing body of a temporary nature or on a matter of administration.[1] Moreover, the adoption of an ordinance allows an opportunity for greater citizen input than passage of a resolution. Thus, ordinances provide broader safeguards and a permanence not afforded by a resolution. As an example of such safeguards, section 125.66, Florida Statutes, requires ten days notice prior to a meeting for the enactment of an ordinance, and publication of notice of the meeting must be provided by publication in a newspaper of general circulation in the county.[2] In addition, some county charters authorize citizen initiative procedures to seek the repeal of county ordinances, a procedure that would not be available to challenge a resolution.[3]
Section 20 of Ch. 96-364, Laws of Florida, creates section849.086, Florida Statutes, authorizing cardroom gaming as specified therein. This section becomes effective January 1, 1997.[4] Subsection (16) of s. 849.086 states:
COUNTY COMMISSION APPROVAL. — The Division of Parimutuel Wagering shall not issue any license under this section except upon proof in such form as the division may prescribe that a majority of the county commissioners in the county where the applicant for such license desires to conduct cardroom gaming has voted to approve such activity within the county. (e.s.)
The statute grants the Division of Pari-mutuel Wagering (division) in the Department of Business and Professional Regulation the authority to determine what format the majority of a county commission should use to indicate its approval of cardroom gaming. Where the language of a statute is unambiguous, the clearly expressed intent must be given effect, and there is no room for construction.[5] Moreover, where the Legislature has directed how a thing shall be done, that is, in effect, a prohibition against its being done in any other way.[6]
Therefore, it is the responsibility of the division, and not the counties, to decide what action is necessary for the counties to take in implementing the provisions of section 849.086(16), Florida Statutes. Since passage of an ordinance by a county approving cardroom gaming provides legislative permanence and substantial safeguards to the public, the division should require the adoption of a county ordinance as the method of approval for cardroom gaming pursuant to section 849.086(16), Florida Statutes. Further, any attempt by a county to approve cardroom gaming prior to the adoption of such rules by the division would have no legal effect.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tall
[1] See generally, Certain Lots, Etc. v. Town of Monticello,31 So.2d 905 (Fla. 1947); Brown v. City of St. Petersburg,153 So. 141 (Fla. 1933). Cf., s. 166.041(1)(a) and (b), Fla. Stat., defining "ordinance" and "resolution" for purposes of municipal legislation. And see, Black's Law Dictionary, Resolution 1474 (4th rev. ed. 1968) ("the adoption of a motion, the subjectmatter of which would not properly constitute a statute; such as a mere expression of opinion; . . . a vote of thanks"); 62 C.J.S. Municipal Corporations s. 411, stating:
A resolution has also been distinguished from an ordinance in that an ordinance is a continuing regulation, a permanent rule of conduct or government, while a resolution ordinarily is an act of a special or temporary character, not prescribing a permanent rule of government, but is merely declaratory of the will or opinion of a municipal corporation in a given matter, and in the nature of a ministerial or administrative act, and is not a law.
[2] Section 125.66(2), Fla. Stat., also requires that a copy of the notice be kept available for public inspection during the regular business hours of the clerk of the board of county commissioners and that the notice state the date, time, and place of the meeting, the title of the proposed ordinance, and the place(s) where the ordinance may be inspected by the public. The notice is further required to advise that interested parties may appear at the meeting and be heard with respect to the proposed ordinance. Cf., s. 166.041, Fla. Stat., prescribing the procedures for the adoption of municipal ordinances and resolutions.
[3] See, Merrill v. Dade County, 272 So.2d 187 (Fla. 3d DCA 1973) (ordinance enacted by elected representatives of county may be repealed by electorate of county under county charter).
[4] Section 27 of Ch. 96-364, Laws of Florida provides that "[e]xcept as otherwise provided herein, this act shall take effect July 1, 1996. Section 20 of the act specifically states that "[e]ffective January 1, 1997, section 849.086, Florida Statutes, is created to read. . . . "
[5] See, e.g., Fine v. Moran, 77 So. 533, 536 (Fla. 1917).
[6] See, Alsop v. Pierce, 19 So.2d 799, 805, 806 (Fla. 1944); Thayer v. State, 335 So.2d 815, 817 (Fla. 1976).